(No. 2653—

EARL KURTZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 30, 1936.*

CHARLES E. LEE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From October 1st, 1934 to January 8th, 1935 claimant was employed as an engineer in the Illinois National Guard Armory in the City of Decatur. On the last mentioned date,

while in the performance of his duties, claimant slipped and fell, thereby sustaining injuries to his left arm and shoulder, for which he seeks an award in this proceeding.

Prior to the time of his employment by the respondent, claimant worked as a locomotive fireman for the Wabash Railway; but had done very little work for such railway since May 11th, 1932. On March 2d or 3d, 1935 he was called back to work for the railroad, and worked a total of eighteen days in March and April. He stated that he would work a day or two and then lay off, thinking his strength would come back, but the more he worked the worse his condition became.

Claimant at the time of the accident was forty-one years of age, and had two children under the age of sixteen years. The annual earnings of persons in the same class in the same employment and same location, during the year preceding the accident, were $1,344.00; and the average weekly wage was $25.85. On account of the fact that claimant had two children under the age of sixteen years at the time of the accident, the compensation, if any, must be computed at the rate of $15.51 per week.

Claimant filed his complaint herein on April 12th, 1935, and the only question raised by the Attorney General is as to the nature and extent of the injury and the amount of compensation to be paid.

The evidence is very conflicting, but from the facts in the record it appears that claimant is entitled to 23-3/7 weeks' compensation at the rate of $15.51 per week for temporary total disability from January 9th, 1935 to July 10th, 1935, (exclusive of the eighteen days on which he worked as aforesaid); and in addition thereto is entitled to 33-3/4 weeks' compensation at the rate of $15.51 per week for loss of 15% of the use of his left arm, to wit, the total sum of $886.84, all of which has accrued prior to this date.

However, claimant was paid his salary in full for the month of January, 1935. Inasmuch as he is not entitled to both salary and compensation for the same period of time, a deduction must be made of the amount of salary paid claimant for the period from January 9th to February 1st, to-wit, $88.00.

Award is therefore entered in favor of the claimant for the sum of Seven Hundred Ninety-eight Dollars and Eighty-four Cents ($798.84).

This award being subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof"*, approved July 2d, 1935 (Session Laws of 1935, p. 49), is, by the terms of such Act, subject to the approval of the Governor, and upon such approval is payable from the General Revenue Fund in the manner provided by such Act.